IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
2023 APR 20 PM 3:27
CLERK, US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
   DEPUTY

| | |
|---|---|
| JORGE MATTOS, INDIVIDUALLY, § <br> AND PATRICIA TOJA, § <br> INDIVIDUALLY, § <br>     PLAINTIFFS, § <br> V. § <br> § <br> NATIONAL WESTERN LIFE § <br> INSURANCE COMPANY, A FOREIGN § <br> CORPORATION, AND UNIVERSAL § <br> INSURANCE BROKER, CORP., A § <br> FLORIDA CORPORATION, § <br>     DEFENDANTS. § | CAUSE NO. 1:22-CV-934-LY |

## ORDER ON REPORT AND RECOMMENDATION

Before the court in the above-referenced cause is Plaintiff's Opposed Motion to Remand Case to Florida State Court (Doc. #70), Defendants' Joint Motion to Further Compel Arbitration, Motion to Stay Pending Arbitration, and for Ancillary Relief under the FAA and Inter-American Convention (Doc. #71), and all related briefing, which was referred to a United States Magistrate Judge for Report and Recommendation. *See* 28 U.S.C. § 636(b); FED. R. CIV. P. 72; Loc. R. W.D. Tex. App'x C, R. 1(d). The magistrate judge rendered a Report and Recommendation on February 17, 2023 (Doc. #81), recommending that the court deny motion to remand and grant the motion to compel arbitration.

A party may serve and file specific written objections to the proposed findings and recommendations of a magistrate judge within 14 days after being served with a copy of the report and recommendation and thereby secure *de novo* review by the district court. *See* 28 U.S.C. § 636(b); FED. R. CIV. P. 72(b). A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation in a report and recommendation bars that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed

factual findings and legal conclusions accepted by the district court. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc).

Plaintiffs filed objections to the Report and Recommendation on March 2, 2023 (Doc. #83). Defendants responded to Plaintiffs' objections on March 10, 2023 (Doc. #84). Plaintiffs replied on March 22, 2023 (Doc. #87). In light of the objections, the court will undertake a *de novo* review of the record and applicable law in this case. Having reviewed the objections, briefing, applicable law, and entire case file, the court will accept and adopt the Report and Recommendations for substantially the reasons stated therein.

**IT IS THEREFORE ORDERED** that Plaintiffs Jorge Mattos and Patricia Toja's objections to the Report and Recommendation (Doc. #83) are **OVERRULED**.

**IT IS FURTHER ORDERED** that the United States Magistrate Judge's Report and Recommendation (Doc. #81) filed in this cause is **APPROVED** and **ACCEPTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Opposed Motion to Remand Case to Florida State Court (Doc. #70) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' Joint Motion to Further Compel Arbitration, Motion to Stay Pending Arbitration, and for Ancillary Relief under the FAA and Inter-American Convention (Doc. #71) is **GRANTED AS FOLLOWS:** the parties are **COMPELLED** to submit this case to arbitration pursuant to the terms of the parties' arbitration agreement. Plaintiffs shall select an arbitrator, and Defendants National Western Life Insurance Company and Universal Insurance Broker shall jointly select an arbitrator. Together, these two arbitrators shall follow the parties' agreed procedure for selecting the third arbitrator. If Plaintiffs or Defendants cannot select an arbitrator, or if first two selected arbitrators cannot agree on a third arbitrator, the court will appoint arbitrators accordingly. The parties may also

agree amongst themselves to an arbitration selection process in compliance with the methods endorsed by the International Institute for Conflict Prevention & Resolution, whose rules the parties agreed would govern the proceedings.

**IT IS FURTHER ORDERED** that this case is **STAYED** pending arbitration.

**IT IS FURTHER ORDERED** that the parties submit a joint status report to the court **on or before June 9, 2023**, advising the court of the name of the arbitrators, the date scheduled for arbitration, and the location of the arbitration.

**IT IS FINALLY ORDERED** that the parties submit a joint status report no later than 30 days after the scheduled arbitration advising the court about the status of the arbitration and this action.

SIGNED this _____ day of April, 2023.

LEE YEAKEL
UNITED STATES DISTRICT JUDGE