IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JORGE MATTOS and PATRICIA TOJA, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | 1:22-CV-934-DII |
| | § | |
| NATIONAL WESTERN LIFE INSURANCE | § | |
| COMPANY and UNIVERSAL INSURANCE | § | |
| BROKER, CORP., | § | |
| | § | |
| Defendants. | § | |

## ORDER

Before the Court is the report and recommendation of United States Magistrate Judge Dustin Howell concerning Defendants National Western Life Insurance Company and Universal Insurance Broker's (collectively, "Defendants") Motion to Enforce the Federal Court Arbitration Orders, (Dkt. 95). (R. & R., Dkt. 102). Plaintiffs Jorge Mattos and Patricia Toja (collectively, "Plaintiffs") timely filed objections to the report and recommendation, (Objs., Dkt. 104), and Defendants responded to Plaintiffs' objections, (Resp., Dkt. 105). Plaintiffs also filed an updated status report with the Court, (Dkt. 106), to which Defendants responded to note that it was not a joint filing, (Dkt. 107).

A party may serve and file specific, written objections to a magistrate judge's findings and recommendations within fourteen days after being served with a copy of the report and recommendation and, in doing so, secure *de novo* review by the district court. 28 U.S.C. § 636(b)(1)(C). Because Plaintiffs timely objected to the report and recommendation, the Court reviews the report and recommendation *de novo*. Having done so and for the reasons given in the report and recommendation, the Court overrules Plaintiffs' objections and adopts the report and recommendation as its own order.

Accordingly, the Court **ORDERS** that the report and recommendation of United States Magistrate Judge Dustin Howell, (Dkt. 102), is **ADOPTED**.

**IT IS FURTHER ORDERED** that Defendants' Motion to Enforce the Federal Court Arbitration Orders, (Dkt. 95), is **GRANTED IN PART** and **DENIED IN PART**. Defendants' request that the Court order Plaintiffs to show cause as to why their claims should not dismissed for failure to prosecute or failure to comply with the Court's arbitration order is **GRANTED**. **IT IS FURTHER ORDERED** that Plaintiffs shall show cause as to why their claims should not dismissed for failure to prosecute or failure to comply with the Court's arbitration order **on or before July 12, 2024**.

To the extent Defendants request the Court enjoin Plaintiffs' Florida state court case, that request is **DENIED**.

**SIGNED** on June 28, 2024.

_____

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE